CIRO LONGOBUCCO, Appellant, v. SAM LATELLA et al., Respondents.— In an action to recover treble the amount of an alleged overcharge for rent for housing accommodations, pursuant to subdivision 5 of section 10 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250), and an alleged unpaid balance of a loan, order of the County Court of the County of Westchester, granting defendants' motion for summary judgment dismissing the complaint, pursuant to rule 113 of the Rules of Civil Practice, and denying plaintiff's cross motion for summary judgment, affirmed, with $10 costs and disbursements. No opinion. Carswell, Acting P. J., Adel, Wenzel and MacCrate, JJ., concur; Johnston, J., dissents insofar as there is affirmance of the order granting defendant's motion for summary judgment as to the first cause of action for the rent overcharge and votes to modify the order and to deny said motion in this respect, with the following memorandum: On October 17, 1947, defendant Sam Latella borrowed $1,000 from plaintiff to help him purchase a two-family house in Mount Vernon. After the purchase plaintiff became the tenant of three rooms of the six-room apartment occupied by defendants on the second floor of that house. On June 21, 1950, defendant Sam Latella commenced a nonpayment summary proceeding against plaintiff alleging that there was $175 rent due at the rate of $25 a week for seven weeks. Plaintiff's answer in the summary proceeding was a general denial, an allegation that the rent demanded was in excess of the maximum rental, and payment. In addition, the answer alleged that plaintiff expressly reserved a counterclaim for

rent overcharge on the ground that the maximum rent for the portion of the premises which he occupied had not yet been fixed by the rent commission. At the hearing of the summary proceeding on July 6, 1950, the tenant withdrew his answer, consented to a final order, and certain other provisions were made with respect to the balance due on the $1,000 loan above mentioned. Pursuant to the terms of the stipulation, plaintiff removed from the premises, received $195 from defendant Sam Latella, and signed a receipt therefor on August 31, 1950. This action was commenced on October 10, 1950. The complaint, containing two causes of action, was served on November 3, 1950. The first cause of action is to recover treble damages for rent, plus reasonable attorney's fees. The second cause of action is to recover the balance claimed to be due on the $1,000 loan. On November 6, 1950, a final order was entered on the stipulation in the summary proceeding. On November 16, 1950, the rent commission found that the maximum rent for the portion of the premises occupied by plaintiff was $35 a month as of May 1, 1950. On November 17, 1950, defendants served their answer, which, in addition to a general denial, pleaded that the stipulation and final order in the summary proceeding constituted an accord and satisfaction. On November 24, 1950, defendants moved for summary judgment. On December 4, 1950, plaintiff cross-moved for summary judgment. On December 5, 1950, the rent commission reopened the proceeding to fix maximum rent to afford defendants an opportunity to supply additional facts. The motions of plaintiff and defendants were heard on December 6, 1950. On December 30, 1950, an order was made granting defendants' motion for summary judgment and denying plaintiff's cross-motion for summary judgment. In my opinion, the stipulation on July 6, 1950, the removal of plaintiff from the premises, the receipt signed by plaintiff on August 31, 1950, and the final order entered on November 6, 1950, effectively dispose of the second cause of action for the balance due on the $1,000 loan. However, the stipulation of settlement and the final order do not constitute either an accord and satisfaction or *res judicata* of the first cause of action for rent overcharge because (1) there was no counterclaim in the summary proceeding for rent overcharge, that issue having been expressly reserved by plaintiff on the ground that the order fixing maximum rent had not yet been issued; (2) when the tenant withdrew his answer in the summary proceeding as part of the settlement agreement, he did not thereby withdraw any claim for rent overcharge because that claim did not form any part of his answer; (3) the court hearing the summary proceeding did not have power to determine whether or not the premises were subject to rent control or, if they were, what the maximum rent was and, therefore, could not determine at that time whether there was a rent overcharge; (4) the stipulation of settlement did not by its terms include any claim for rent overcharge; (5) the final order does not purport to settle the claim for rent overcharge or make any finding with respect thereto.